**KUDMAN TRACHTEN ALOE LLP**
*Counsel for the Debtor*
Paul H. Aloe (PA 6088)
Jeb L. Singer (JS 2168)
350 Fifth Avenue
Suite 4400
New York, New York 10118
Telephone: 212-868-1010
Telecopier: 212-868-0013
e-mail paloe@kudmanlaw.com

Hearing Date: February 11, 2014
Hearing Time:  10 a.m. (E.S.T.)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RHINOCEROS VISUAL EFFECTS & DESIGN LLC<br><br>Debtor. | Case Nos: 13-13016 (SMB)<br><br>Judge: Stuart M. Bernstein<br><br>Chapter 11 |

**FIRST INTERIM FEE APPLICATION**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL COSTS AND EXPENSES INCURRED**
**BY KUDMAN TRACHTEN ALOE LLP AS COUNSEL FOR**
**RHINOCEROS VISUAL EFFECTS & DESIGN LLC FOR THE TIME PERIOD**
**SEPTEMBER 17, 2013 THROUGH DECEMBER 31, 2013**

**TO:    THE HONORABLE STUART M. BERNSTEIN**
**U.S. BANKRUPTCY JUDGE:**

Kudman Trachten Aloe LLP ("KTA" or the "Applicant"), bankruptcy counsel for

Rhinoceros Visual Effects & Design LLC (the "Debtor"), for its First Interim Fee Application

("Application"), pursuant to Sections 330 and 331 of Title 11 of the United States Code

("Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules") for Allowance of Compensation and Reimbursement of Expenses for the

Period September 17, 2013 through December 31, 2013 ("Application Period"), respectfully

represents as follows:

1

**Jurisdiction and Venue:**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are §§ 105, 328, 330 and 331 of

the Bankruptcy Code and Rules 2002(a) and 2016 of the Bankruptcy Rules.

**Background:[1]**

3.      The Debtor is a provider of high-end customized computer-generated animation

and digital visual effects for use in commercials and movies.  Its clients are advertising agencies,

brand marketers, television producers, broadcasters and Hollywood studios.  Although the Debtor

is a leader in its field, the field as a whole has contracted as technology has made it possible

for agencies and studios to bring the services in-house.  By late-2012, with operations

significantly reduced, the Debtor was faced with an onerous lease for a large space that it

could not afford.

4.      Negotiations with the Debtor's landlord in the spring of 2013 proved un-fruitful

and the Debtor's landlord filed an eviction action in Landlord-Tenant Court.

5.      On August 19, 2013, the Landlord-Tenant Court entered an Order in favor of

the Landlord awarding it $138,056.40, and directing that a warrant issue to evict the Debtor.

6.      On September 17, 2013 (the "Petition Date"), the Debtor filed a voluntary

petition for relief under Chapter 11 of the Bankruptcy Code.

7.      Since the beginning of the case, the Debtor has operated its business as debtor-

---

[1]      KTA provides, as Ex. A, the *Certification of Paul H. Aloe in Support of the First Interim Fee Application of Kudman Trachten Aloe LLP for Compensation and Reimbursement of Expenses*.  In accordance with, and pursuant to, Section 504 of the Bankruptcy Code and Rule 2016, Mr. Aloe represents that KTA has no agreement or understanding which is prohibited by law.

in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

8.      No request has been made for the appointment of a trustee or an examiner in this case, and no official committee has been appointed by the Office of the United States Trustee.

### Retention of KTA:

9.      The Debtor initially retained KTA on or about September 3, 2013 as it was facing the risk of the Debtor's landlord executing a warrant of eviction on the Debtor's office space at 315 Madison Ave. New York, NY.  KTA provided legal services concerning strategic alternatives, including alternatives under the Bankruptcy Code.

10.      KTA received payments from the Debtor and the Debtor's parent company during the year prior to the Petition Date in the amount of $34,970.00.  On September 9, 2013, Rhinoceros Visual Effects and Design LLC wired KTA $5,000.00.  On September 16, 2013, Gravity Visual Effects Design Ltd. (a member of the Debtor) wired KTA $29,970.00 as an advanced payment.  After a reconciliation of the Debtor's time records, it appears that a total of $26,442.50 has been applied to the Debtor's pre-petition legal fees reducing the remaining balance of the advanced payments to $8,527.50 as of the Petition Date.  These legal fees were incurred in connection with counseling the Debtor with respect to its options (including numerous meetings and conferences with its personnel, overseas counsel and officers), analyzing the Debtor's situation, reviewing the underlying landlord tenant matters, conferences with Debtor's L&T counsel, exploring alternatives to filing a Chapter 11, preparation of the petition, schedules, first day motions and other required documents

11.      KTA has not received any additional payments from the Debtor or anyone else in connection with this case.

12.      KTA filed its application for retention with this Court on the Petition Date.  On November 12, 2013, the Court signed an Order, attached hereto as Exhibit B, retaining KTA *nunc pro tunc* to the Petition Date (Docket No. 64).

**Current Status:**

13.     The Debtor has made substantial progress in efforts to streamline its business, obtain alternative space, cut operating expenses, and maintain good will with its customer base, employees and freelancers in order to continue to operate a viable business.  Indeed, the Debtor has received support from all of these groups.  Its prepetition customers continue to provide it with projects.

14.     The Debtor has operated pursuant to a series of cash collateral orders (Docket Nos. 16, 28, 48, 74, 78 and 82), all of which were entered into consensually with the Debtor's secured lenders.

15.     The Debtor is current on all of its Chapter 11 reporting requirements.

16.     The Debtor was unable to reach a quick settlement with its prepetition landlord.  It was thus forced to divert its efforts from restructuring to responding to motions by its prepetition landlord to lift the automatic stay, evict the Debtor and obtain discovery.  Ultimately, unable to negotiate a settlement that would permit it to stay in its prepetition space on acceptable terms, the Debtor was forced to search for alternative space arrangements.

17.     In late-October 2013, the Debtor obtained alternative operating space and it was able to negotiate favorable terms with its new landlord and move by late-November 2013.

18.     Along with taking other cost-cutting measures, the Debtor has operated profitably during the bankruptcy case and has, as of its last report to its Secured Lenders, at least $120,000.00 in cash in the bank.

19.     With a leaner, higher performing operation, the Debtor has been working to craft a bankruptcy exit strategy.  The Debtor is hopeful that it will be able to file a plan of reorganization in the next few months.

20.     Particularly, the Debtor, with the advice and participation of counsel, is currently exploring the sale of its business, the possibility of formulating a standalone plan of reorganization

and other bankruptcy exit options.

**Relief Requested:**

21.    By this Application, made in accordance with Section 328, 330 and 331 of the Bankruptcy Code, KTA seeks an allowance for interim compensation for compensation for professional services actually rendered by KTA during the Application Period and for reimbursement of the actual costs and expenses incurred by KTA in connection with the rendition of such professional services.  All of the services for which compensation is sought by KTA were rendered solely on behalf of the Debtor for the benefit of the Debtor's estate.

22.    As set forth in greater detail in the summary of contemporaneous time records describing the services provided by KTA, attached hereto as Exhibit C, during the Application Period, KTA performed substantial legal services for and on behalf of the Debtor.[2]   KTA's services significantly benefited the Debtor's estate by both preserving and enhancing its value.

23.    KTA seeks an interim Order (substantially in the form of Exhibit E hereto) allowing the compensation for professional services rendered for and on behalf of the Debtor during the Application Period in the amount of $87,390.00.

24.    These amounts are calculated in accordance with the retainer agreements and are reflected in regular detailed invoices that were provided to the Debtor on a monthly basis.  KTA has dedicated at total of 318.8 hours representing $103,165.00 in legal work.  KTA voluntarily "no charged" the Debtor $7,427.50 for 22.10 hours of work thus reducing KTA's bills to 296.7 hours representing $95,917.50.  After applying the $8,527.50 in advanced payments, this amount is reduced to $87,390.00.  Exhibit C includes full time and expense records as well as a list of no charges.  Exhibit D contains a summary of fees and expenses requested.

25.     KTA also seeks reimbursement of actual and necessary costs and expenses incurred for, and on behalf of, the Debtor with respect to the Debtor's estate in the amount of

$1,755.01.  These costs and expenses have been charged in accordance with the U.S. Trustee

Program Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330 (the "Guidelines").

26.    KTA has shown this Application to the Debtor and is engaged in discussions

with regards to the same.

27.    This is the first interim application of KTA for allowance of compensation for

professional services rendered and reimbursement of actual and necessary costs and expenses

incurred in connection with its representation of the Debtor.

## Standard for Allowance of Fees and Expenses:

28.    Section 330 of the Bankruptcy Code authorizes the bankruptcy court to

award an applicant, as counsel for a debtor, creditors' committee or other professional

employed pursuant to 11 U.S.C. § 327, reasonable compensation for its services and

reimbursement of its expenses.  Specifically, Section 330 states:

> (a)(1)  After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103;
>
> (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person; and
>
> (B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

29.    Section 330(a)(3) of the Bankruptcy Code provides that in determining the

amount of reasonable compensation to be awarded, the Court should consider the nature,

extent and value of the services rendered to the estate, taking into account all relevant

factors, including:

> (A)    the time spent on such services;

---

2        KTA also includes a list of expenses, no charges and pre-petition fees.

    (B)    the rates charges for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [title 11];

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;

    (E)    whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.); and

    (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

11 U.S.C. § 330(a)(3)(A).

30.    In assessing attorneys' fees, the Second Circuit and bankruptcy courts in this district generally use the Johnson factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The twelve Johnson factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

A.    **KTA's Entitlement to Compensation for Services Rendered.**

31.    KTA has made every effort to efficiently address the multitude of issues facing the Debtor in order to enhance the value of the estate while minimizing costs and expenses.  The

Debtor's attorneys have been maximally available to advise the Debtor and address issues as they have arisen.

32.    The Debtor is a leaner, stronger, more profitable company than it was on the Petition Date in part because of KTA's efforts at squaring away issues with its prepetition Landlord, its Secured Lenders and other creditors.

33.    In this respect, KTA's services to the Debtor have provided substantial value and greatly benefited the estate.

### B.    Attorneys who Performed the Services.

34.    Paul H. Aloe, Esq. is the lead attorney handling this matter.  Mr. Aloe has been engaged in corporate restructuring and Chapter 11 bankruptcy law for over thirty years, and he is the senior partner charged with bankruptcy at KTA.  He is admitted to practice before the Southern District of New York, the Eastern and Northern Districts of New York, the District of New Jersey, the Eastern District of Pennsylvania, the District of Columbia, the Circuit Court of Appeals for the Second, Third, Fourth, Seventh and Eleventh Circuits and the United States Supreme Court.  He has served as lead bankruptcy counsel to numerous closely-held Chapter 11 debtors (and represented other parties in interest in Chapter 11 proceedings) and provided continuing legal education on Chapter 11 issues.  Mr. Aloe's customary hourly billing rate is $450.00.  He has voluntarily reduced his rate to $425.00 an hour.  This rate has remained consistent and has not increased during the pendency of this case.

35.    Jeb Singer, Esq. is an associate at KTA.  He has practiced for over three years in the area of bankruptcy law and has assisted in the representation of Debtors, Foreign Representatives and other parties-in-interest in Chapters 11 cases.  Mr. Singer is a former law clerk for Judge Stuart M. Bernstein in the United States Bankruptcy Court for the Southern District of New York.  Mr. Singer's customary hourly billing rate is $295.00, but KTA has voluntarily reduced his billing

rate to $275.00.  This rate has remained consistent and has not increased during the pendency of this case.

<strong>C.        Description of Services Rendered by KTA During the Application Period.</strong>

36.      The services provided by KTA are grouped according to certain project categories outlined in the Guidelines..

37.      Exhibit C includes a daily itemization of the services rendered by each professional during the Application Period which, in accordance with the Guidelines, includes a description of each project for which the professional's time was billed.  Exhibit C indicates the name of the professional rendering the service, the service provided, the professional's billing rate and the amount of time expended on the service provided, recorded in tenths (1/10) of an hour.  Exhibit C was compiled from the contemporaneous time records maintained by KTA in the ordinary course of its business.

38.      As is reflected in the time records, KTA has separated the various categories in the following manner:

- **Asset Disposition:**  This category refers to time spent analyzing the disposition of any assets of the Debtor out of the ordinary course of the Debtor's business.  This includes efforts to sell the Debtor or its assets and attention to the disposition of the furniture fixtures and equipment in connection with the Debtor's relocation of its principal office space.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 1.30 | $552.50 |
| Jeb Singer | 4.80 | $1,320.00 |
| | | |
| **TOTALS** | 6.1 | $1,872.50 |

- **Business Operations:** Matters related the Debtor's operations as debtor-in-possession including with regards to employees, freelancers and vendors. This also includes general counsel to the Debtor.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 21.10 | $8,967.50 |
| Jeb Singer | 41.70 | $11,412.50 |
| | | |
| **TOTALS** | 62.8 | $20,380.00 |

- **General Case Administration and Reporting Compliance:** Matters related to the compliance with reporting requirements and other requirements of operating as debtor-in-possession in a Chapter 11 case.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 6.4 | $2,720.00 |
| Jeb Singer | 28.20 | $7,755.00 |
| | | |
| **TOTALS** | 34.6 | $10,475.00 |

- **Bankruptcy Court Proceedings:** Matters directly related to proceedings in Bankruptcy Court including drafting court papers (motions, notices and orders etc.) as well as preparations for and attendance at hearings.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 19.5 | $2,720.00 |
| Jeb Singer | 41.6 | $11,440.00 |
| | | |
| **TOTALS** | 61.1 | $14,160.00 |

- **Financing:** Time spent negotiating with the Debtor's secured lenders and other parties with regards to cash collateral and related financing matters. This includes drafting court papers related to the same. This category also includes time spent addressing the Debtor's insurance financing arrangement.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 17.7 | $7,522.50 |
| Jeb Singer | 34.9 | $9,597.50 |
| | | |
| **TOTALS** | 52.6 | $17,120.00 |

10

- **Issues under Code Section 365:** Attention to issues regarding the Debtor's relationship with its pre-petition landlord. This includes addressing the landlord's efforts to lift the automatic stay and evict the Debtor; the treatment of the landlord's claims in the bankruptcy case and the Debtor's rejection of its lease. This also includes addressing the landlord's rights to an administrative claim as well as the rejection of the lease.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 22.8 | $9,690.00 |
| Jeb Singer | 19.9 | $5,472.50 |
|  |  |  |
| TOTALS | 42.7 | $15,162.50 |

- **Employment Applications:** Preparation of KTA's application for retention and related documents.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 0.3 | $127.50 |
| Jeb Singer | 1.7 | $467.50 |
|  |  |  |
| TOTALS | 2 | $595.00 |

- **Litigation:** Negotiations and tasks related to the Debtor's ongoing dispute with its pre-petition landlord. This includes discovery matters, meetings, hearings and court papers regarding the Landlord's rule 2004 request.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 1.10 | $467.50 |
| Jeb Singer | 7.50 | $2,062.50 |
|  |  |  |
| TOTALS | 8.6 | $2,530.00 |

- **Meeting of Creditors:** Preparation for and attendance at the meeting of creditors pursuant to Section 341 of the Bankruptcy Code.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 5.30 | $2,252.50 |
| Jeb Singer | 2.20 | $605.00 |
|  |  |  |
| TOTALS | 7.5 | $2,857.50 |

11

- **Relief from Stay Proceedings:** Enforcement of the Debtor's automatic stay including letters to creditors and opposition to the landlord's motion to lift the automatic stay.

| Attorney | Hours | Total Fees |
|---|---|---|
| Paul Aloe | 0 | $0.00 |
| Jeb Singer | 18.7 | $5,142.50 |
| | | |
| **TOTALS** | **18.7** | **$5,142.50** |

**CASE TOTALS:**

| Case Totals | Hours | Total Fees |
|---|---|---|
| Paul H. Aloe | 95.5 | $40,587.50 |
| Jeb L. Singer | 201.2 | $55,330.00 |
| | | |
| **Totals** | **296.7** | **$95,917.50** |
| Less **$8,527.50** (remaining in prepetition advanced payment) = **$87,390.00** | | |

D.    **Benefit of the Services.**

39.    KTA has made every effort to efficiently address the multitude of concerns facing the Debtor in order to enhance the value of the Debtor's estate while minimizing costs and expenses. KTA has devoted significant resources towards this end.

40.    Courts have repeatedly held that a service is reasonable and necessary if it benefits the estate and reflects the services that a reasonable lawyer or law firm would have performed in the same circumstance. *See In re Ames Dept. Stores, Inc.*, 76 F.3d 66 (2nd Cir. 1996); *In re Cena's Fine Furniture, Inc.,* 109 B.R. 575, 581 (E.D.N.Y. 1990); *In re Lederman Ent, Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993). As set forth herein, KTA's services have provided significant benefits to the estate in terms of both enhancing and preserving its value.

E.    **The Requested Compensation is Reasonable.**

41.     KTA represents and would demonstrate that the compensation sought for the services rendered and expenses incurred in connection with this Chapter 11 case is reasonable and commensurate with those rates charged by comparable, skilled practitioners.

42.     KTA represents and would demonstrate to this Court that the services were performed in a reasonable amount of time.  In any instance where services appeared to be performed in a time that might be deemed excessive, Mr. Aloe reduced the time at which the services were calculated.

43.     KTA's fee request is based upon the normal hourly rates that KTA charges its non-bankruptcy clients, except to the extent that those rates have been reduced by Mr. Aloe. Taking into consideration the time and labor spent, the nature and extent of the representation, the nature of these proceedings and the voluntary reduction of time and expenses, KTA contends the allowance requested herein is reasonable.

44.     In addition, under the factors set forth in *In re Frazier,* 231 B.R. 454, 457 (Bankr. D. Conn. 1999) (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)), the fees requested herein are reasonable.  Professionals at KTA have expended significant time and effort since the commencement of KTA's engagement to bring this Chapter 11 case to its current posture. These efforts have been to the exclusion of working on other matters.

45.     Accordingly, for all of the above reasons, KTA respectfully submits that the fees sought in the Application are reasonable under Section 330 of the Bankruptcy Code and applicable case law standards.

F.     **Disbursements**

46.      In providing professional services during the Application Period, KTA has incurred total actual expenses on the Debtor's behalf in the amount of $1,755.01, as set forth in

13

Exhibit C.  Exhibit C also contains a summary of the expenses, including subtotals, as well as listing of itemized expenses. Charges for long distance telephone calls, telecopies, overnight delivery, and messenger services, postage, computer research and other expenses are those charged to KTA and are maintained by KTA's accounting personnel. There is no minimum dollar charge with respect to any expense item and the charges set forth are those charged routinely to other clients.  The expense charges in Exhibit C are intended to cover KTA's costs for the services and KTA does not believe that the charges constitute a profit.

## NOTICE

47.    Notice of this Application shall be provided pursuant to Bankruptcy Rule 2002, the Local Bankruptcy Rules and the Guidelines.

## NO PREVIOUS REQUEST

48.    No previous request for compensation for the services or reimbursement of the actual costs and expenses incurred during the Application Period and sought herein has been made to this Court or any other Court.

## WAIVER OF MEMORANDUM OF LAW

49.    Given the nature of the relief requested herein, KTA respectfully requests that this Court dispense with and waive the requirement for the submission of a separate memorandum of law contained in Local Bankruptcy Rule 9013-1(b).

## CONCLUSION

WHEREFORE, for the reasons set forth herein, KTA respectfully requests that this Court enter an order (i) awarding interim compensation to KTA for professional services rendered to the Debtor during the Application Period in the amount of **$87,390.00**; (ii) awarding reimbursement of expenses incurred by KTA during the Application Period in the amount of **$1,755.01**; and (iii) such further relief as deemed just and proper.

Dated:  New York, New York
January 28, 2014

**KUDMAN TRACHTEN ALOE LLP**,
*Counsel for the Debtor*


**By:__/S/ Paul H. Aloe__**
        Paul H. Aloe, Esq.
        Jeb L. Singer, Esq.
350 Fifth Avenue
Suite 4400
New York, New York 10118
Telephone: 212-868-1010
Fax: 212-868-0013