**Hearing Date:** October 10, 2013
**Hearing Time:** 10 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RHINOCEROS VISUAL EFFECTS AND DESIGN LLC | Case No. 13-13016-[SMB] |
| Debtor. | |

### ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN KUDMAN TRACHTEN ALOE LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE

Upon the *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 OF the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for Authorization to employ and Retain Kudman Trachten Aloe LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "Application") and upon (i) the Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Statement"), and (ii) the Aloe Certification, which were submitted concurrently with the Application; (iii) the Supplemental Certification in Further Support of the Debtor's Application to Retain Kudman Trachten Aloe as Counsel, dated November 5, 2013 ("Supplemental Certification"); and (iv) Lar-Dan Certification of Yoram Eldar, dated October 10, 2013, and the Court being satisfied, based on the representations made therein that Kudman Trachten Aloe LLP ("KTA") does not hold or represent an interest adverse to the Debtor's estate, KTA is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of KTA is necessary and in the best interests of the Debtor and

1

the Debtor's estate; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that due notice of the Application has been given and no further notice need be given; and upon the proceedings before the Court; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

**1.** The Application is granted to the extent provided herein;

**2.** Pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to employ and to retain the Firm as counsel, effective *nunc pro tunc* to the Petition Date on the terms set forth in the Application, the Statement, and the Aloe Certification, to provide the following service (without limitation):

(a) taking necessary or appropriate actions to protect and preserve the Debtor's estate, including the prosecution of any actions on the Debtor's behalf, the defense of any actions commenced against the Debtor's estate;

(b) providing legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the continued operation of its business and management of its assets;

(c) preparing, on behalf of the Debtor, any necessary applications, motions, complaints, answers, orders, reports and other legal papers;

(d) appearing in this Court on the Debtor's behalf;

(e) taking necessary or appropriate actions in connection with a bankruptcy plan, disclosure statement and all related documents and such further actions as may be required in connection with the administration of the Debtor's estate;

(f) acting as general bankruptcy counsel for the Debtor and performing al other necessary or appropriate legal services in connection with this Chapter 11 case.

3. To the extent that the Application, the Statement or the Aloe Certification are inconsistent with the terms of this Order, this Order shall govern.

4. The Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

5. KTA shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330

2

and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and the fee guidelines issued by the Executive Office of United States Trustees, at 28 C.F.R., pt. 58, App. A ("UST Appendix A Guidelines," and together with the Court's fee guidelines, the "Guidelines").

6. Prior to any increases in KTA's rates for any individual providing services in this case, KTA shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

7. KTA will not charge the estate for time spent preparing, reviewing the invoices or time records submitted in support of any monthly fee statements or fee applications; and it is further;

8. KTA shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to KTA.

Notwithstanding anything to the contrary in the Application, the Statement, the Aloe Certification or and the Supplemental Certification, KTA shall not withdraw as Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in this chapter 11 case without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

Dated: New York, NY
November 12th, 2013                              /s/ STUART M. BRERNSTEIN
                                                                     **STUART M. BERSTEIN**
                                                                     UNITEDSTATES BANKRUPTCY JUDGE