**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, NY 10118
Telephone: (212) 216-8000
Facsimile: (212) 216-8001
Deborah J. Piazza, Esq.
dpiazza@tarterkrinsky.com
Jill L. Makower, Esq.
jmakower@tarterkrinsky.com

*Attorneys for Chapter 7 Trustee,*
*Deborah J. Piazza, Esq.*

Sale Date: December 13, 2018 @ 11:00 a.m. (ET)
Objections Due: December 6, 2018 @ 5:00 p.m. (ET)

Hearing Date on Objections (only if an objection is timely filed and received): To be fixed by the Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

In re

Rhinoceros Visual Effects And Design, LLC,

                              Debtor.

Case No. 13-13016 (SMB)
Chapter 7 Case

------------------------------------------------------X

### NOTICE OF THE TRUSTEE'S SALE, PURSUANT TO 11 U.S.C. §§ 105 AND 363, BANKRUPCY RULE 6004 AND LOCAL BANKRUPTCY RULE 6004-1(a) OF REMNANT ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

TO ALL KNOWN CREDITORS AND PARTIES-IN-INTEREST, ALL PARTIES HAVING FILED NOTICES OF APPEARANCE, OAK POINT PARTNERS, LLC, AND THE UNITED STATES TRUSTEE:

***PLEASE TAKE NOTICE*** that, pursuant 11 U.S.C. §§ 105(a) and 363(b), (f) & (m), Fed R. Bankr. P. 6004(a) and Local Bankruptcy Rule 6004-1 of the United States Bankruptcy Court for the Southern District of New York ("Court"), Deborah J. Piazza ("Trustee"), the chapter 7 trustee of the estate of Rhinoceros Visual Effects and Design, LLC ("Debtor"), the above-captioned debtor, has entered into the annexed purchase agreement ("Purchase Agreement") with Oak Point Partners, LLC ("Proposed Purchaser") for the Trustee's sale ("Sale") of the remaining property of the Debtor's estate consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets") to the Proposed Purchaser for $7,000 ("Purchase Price") free and clear of liens, claims, interests and encumbrances. As set forth in the Purchase Agreement, the Remnant Assets specifically **exclude**: (a) all proceeds derived or to be derived from the Trustee's D&O claims (including proceeds of a settlement as to which a motion for approval is anticipated to be brought before the Bankruptcy Court); (b) cash held at the time of the Purchase Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; (c) any and all Goods (as such

term is defined under § 9-102(44) of the Uniform Commercial Code) (e.g., office furniture) of the Debtor; and (d) the Purchase Price.

**PLEASE TAKE FURTHER NOTICE** that the terms of the Sale are detailed in the Purchase Agreement. The Sale will be a private sale conducted at the offices of Tarter, Krinsky & Drogin LLP, 1350 Broadway, New York, NY 10118 on **December 13, 2018 at 11:00 a.m. (ET)** ("Sale Date").

**PLEASE TAKE FURTHER NOTICE** that based upon an evaluation of the value, if any, and risk of recovery of the Remnant Assets, the Trustee believes the Purchase Price to be fair and reasonable.

**PLEASE TAKE FURTHER NOTICE** that the Sale shall be free and clear of all liens, claims, interests, and encumbrances. The Trustee is not aware of any liens, claims, interests, or encumbrances on the Remnant Assets. Notwithstanding, all scheduled lienholders have received this Notice and shall have an opportunity to object to the relief requested as provided herein.

**PLEASE TAKE FURTHER NOTICE** that requests for additional information about the Sale, or a copy of the Purchase Agreement, can be obtained by contacting Tarter, Krinsky & Drogin LLP, 1350 Broadway, New York, NY 10118, Attn: Deborah J. Piazza, Esq., Telephone: (212) 216-8000.

**PLEASE TAKE FURTHER NOTICE** that no officer, director, stockholder, agent employee or insider of the Debtor, or any relative of any of the foregoing, are purchasing the Remnant Assets, directly or indirectly, or have any financial interest in the Sale or the Proposed Purchaser.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale shall be made in writing and filed electronically with the Court in accordance with the Bankruptcy Rules, the Local Rules of the Court, and General Order M-399, which along with the User's Manual for the Electronic Case Filing System, can be found at the Court's Website located at www.nysb.uscourts.gov and emailed, preferably in the Portable Document Format (PDF), Microsoft Word, WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to the Chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, New York, New York 10004), and served in accordance with General Order M-399 or other form upon: (i) Tarter, Krinsky & Drogin LLP, 1350 Broadway, New York, NY 10118, Attn: Deborah J. Piazza, Esq., Telephone: (212) 216-8000, and (ii) Oak Point Partners, LLC, 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077, Attn: Janice A. Alwin, Esq. (janice@oakpointparterns.com), so as to be actually received no later than **December 6, 2018 at 5:00 p.m. (ET) ("Objection Deadline")**. The ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections. *Unless timely objections are filed and served, the Sale will take place as noticed without a hearing.*

**PLEASE TAKE FURTHER NOTICE** that, in the event that no objections are timely filed, the Sale will be deemed uncontroverted and approved under 11 U.S.C. § 363(b), (f) & (m) and Local Bankruptcy Rule 6004-1. If objections are timely filed and served, a hearing

("Hearing") will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in his Courtroom (#723) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, at a date and time to be scheduled by the Court upon such additional notice as the Court may direct. The objecting party must attend the Hearing either in person or telephonically (with the Court's permission). The Hearing may be adjourned from time to time without further notice except for a general announcement at the Hearing.

Dated: New York, New York  
       November 29, 2018

TARTER KRINSKY & DROGIN LLP  
*Attorneys for Deborah J. Piazza, Chapter 7 Trustee*

By: _____  
Deborah J. Piazza, Esq.  
Jill L. Makower, Esq.  
1350 Broadway, 11th Floor  
New York, NY 10118  
Telephone: (212) 216-8000  
Facsimile: (212) 216-8001

ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of November 27, 2018, is by and between **DEBORAH J. PIAZZA, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the RHINOCEROS VISUAL EFFECTS AND DESIGN LLC** ("Debtor") **BANKRUPTCY ESTATE** ("Estate"), and **OAK POINT PARTNERS, LLC** ("Purchaser").

WITNESSETH:

WHEREAS, on September 17, 2013, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Court"), assigned Case No. 13-13016, which case subsequently was converted to one under chapter 7 of the Bankruptcy Code; and

WHEREAS, on or about September 23, 2014, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

WHEREAS, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

WHEREAS, Remnant Assets specifically **exclude**: (a) all proceeds derived or to be derived from the Trustee's D&O claims (including proceeds of a settlement as to which a motion for approval is anticipated to be brought before the Bankruptcy Court); (b) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; (c) any and all Goods.[1] (e.g., office furniture) of the Debtor; and (d) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

WHEREAS, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Seven Thousand and No/100 Dollars ($7,000.00), payable within three (3) business days of: (a) the date upon which the Court enters an order approving this Agreement (an "Approval Order"), which Approval Order contains a provision waiving the 14-day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or (b) in the event the Approval Order does not contain a waiver of said provision, then the date upon which the Approval Order becomes a Final Order. As used herein, the term "Final Order" means an Approval Order that has been duly entered on the docket of the Court, and the time for any party in interest to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such events have occurred, such reargument, if any, has been denied, all appeals taken have been finally resolved, and the time to take any further appeals, file a motion for further permission to appeal, or seek certiorari has expired without the Approval Order being vacated, reversed or modified.

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that subject to the Court's approval Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** Subject to the Court's approval, the sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations of Seller or its affiliates of any kind or nature, whatsoever, whether arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred

2

to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** Except to the extent any of the provisions of the United States Bankruptcy Code may apply, this Agreement shall be governed by and construed in accordance with the internal laws of the State of New York, without giving effect to choice of law principles of the State of New York.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, LLC**

By: _____
Name: ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077
Tel (847) 577-1269    Fax (847) 655-2746


**RHINOCEROS VISUAL EFFECTS AND DESIGN LLC BANKRUPTCY ESTATE**

By: _____
Name: DEBORAH J. PIAZZA
Its: Chapter 7 Trustee, and not in her personal capacity

Address: c/o Tarter, Krinsky & Drogin LLP, 1350 Broadway, New York, NY 10018
Tel (212) 216-8000    Fax (212) 216-8001

3